Gen. 107]                                                                107

**ELECTIONS**

ELECTION BOARDS – STATUTES – STATUTORY CONSTRUCTION – COUNTY RESIDENCE REQUIREMENT FOR ELECTION BOARD EMPLOYEES APPLIES ONLY TO EMPLOYEES APPOINTED AFTER JULY 1, 1978

April 25, 1995

*Mr. Robert J. Antonetti, Sr.*
*Elections Administrator*
*Supervisors of Elections of Prince George's County*

You have requested our opinion whether all employees of boards of supervisors of elections are subject to the requirement in Article 33, §2-6(d)(2) of the Maryland Code that each board employee "be a resident of the county where the board is located and maintain that residence while employed by the board."

For the reasons stated below, we conclude that this residency requirement applies only to board employees who were appointed after July 1, 1978. The requirement does not apply to employees who were appointed prior to that date.

**I**

**The Residency Requirement**
**and Its "Grandfather" Provision**

Prior to 1978, employees of boards of supervisors of elections were simply required to be registered voters of the State. They were not subject to any local residency requirement.

In Chapter 65 of the Laws of Maryland 1978, the General Assembly amended Article 33, §2-6 to impose a continuing local residency requirement on employees who were hired on or after the effective date of the law, July 1, 1978. As amended, §2-6 required that all employees "shall be registered voters of the State of Maryland *and, with respect to any appointment after July 1, 1978,*

*shall be a resident of the county in which the board is located and maintain such residence while so employed."* (Emphasis added.) This provision remained unchanged until 1993.

In Chapter 10 of the Laws of Maryland 1993, the General Assembly enacted a recodification of the State's Personnel Law into Division I of the State Personnel and Pensions Article. As part of the recodification, Chapter 10 amended a host of other provisions in the Code, to make changes in cross-references and to delete obsolete language.

Chapter 10 amended Article 33, §2-6 in a number of respects. This amendment, according to the Revisor's Note, added certain new language reflecting the recodification, deleted some language deemed "obsolete," and made certain "stylistic changes." One of the changes to §2-6 made by Chapter 10 was the deletion of the reference to "any appointment after July 1, 1978." The Revisor's Note does not specifically address this change.

As the Court of Appeals has often held, a recodification like Chapter 10 does not bring about a substantive change in the law unless the General Assembly has unmistakably evidenced such a purpose. *See Cardinell v. State*, 335 Md. 381, 394, 644 A.2d 11 (1994); *Monumental Life Ins. Co. v. Trustees*, 322 Md. 442, 449, 588 A.2d 340 (1991); *State v. Burning Tree Club, Inc.*, 315 Md. 254, 265-66, 554 A.2d 366, *cert. denied*, 493 U.S. 816 (1989); *Nationwide v. USF & G*, 314 Md. 131, 147, 550 A.2d 69 (1988); *Rohrbaugh v. Estate of Stern*, 305 Md. 443, 449-50, 505 A.2d 113 (1986); *Consumer Protection Div. v. Consumer Pub.*, 304 Md. 731, 768, 501 A.2d 48 (1985); *In re Special Investigation No. 236*, 295 Md. 573, 576-77, 458 A.2d 75 (1983); *Duffy v. Conaway*, 295 Md. 242, 257-58, 455 A.2d 955 (1983); *Office & Prof. Employees Int'l Union v. MTA*, 295 Md. 88, 100, 453 A.2d 1191 (1983); *Hoffman v. Key Fed. Sav. & Loan Ass'n*, 286 Md. 28, 43, 416 A.2d 1265 (1979).

With respect to board employees appointed prior to July 1, 1978, a local residency requirement would be a significant substantive change. If Chapter 10 were construed to have eliminated the grandfather provision that had been in place for 15 years, these employees would have become subject to an important (and, for those who live out of the county in which the employing board is located, a highly disruptive) new requirement. Yet, Chapter 10

contains no indication whatever that the General Assembly intended this substantive change.

The proper reading of Chapter 10, in harmony with the well-settled case law of the Court of Appeals, is that the deletion of the grandfather clause should not be given substantive effect. When the drafters deleted from §2-6 other language that they correctly thought was obsolete, they apperently thought that the reference to appointments after July 1, 1978, was obsolete too. But it was not, and this drafting error should not be given effect. *See generally Kaczorowski v. City of Baltimore*, 309 Md. 505, 525 A.2d 628 (1987).

## II

### Conclusion

In summary, it is our opinion that employees of boards of supervisors of elections who were appointed prior to July 1, 1978, are not subject to a local residency requirement.

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Jack Schwartz
> *Chief Counsel*
> *Opinions & Advice*